139 F.3d 905
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Dwane JACKSON, Petitioner-Appellant,
v.
James H. GOMEZ, Director of Corrections; Attorney General
of the State of California, Respondents-Appellees.
 No. 96-56070.
D.C. No. CV-96-0151-DT (RMC).
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 23, 1998.
Submitted February 6, 1998**.
 
 Appeal from the United States District Court for the Central District of California Dickran M. Tevrizian, District Judge, Presiding.
 Before PREGERSON, BEEZER and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Dwane Jackson ("Jackson") appeals the district court's order dismissing with prejudice his petition for habeas corpus, brought pursuant to 28 U.S.C. § 2254.[1] The district court held that Jackson's claims were procedurally barred. We have jurisdiction. 28 U.S.C. § 2253. We review de novo, Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir.1995), and we affirm.
 
 
 3
 When a state prisoner brings a federal habeas action, the federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). "This rule applies whether the state law ground is substantive or procedural." Id. If a state court decision clearly and expressly rests on an adequate and independent state procedural rule, federal habeas review is barred even if the state court also reaches the merits of a federal claim in an alternative holding. Harris v. Reed, 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).
 
 
 4
 The state court decision here rests on an independent and adequate state procedural ground, "lack of diligence." See In re Clark, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729, 738 (Cal.1993). We lack jurisdiction to review the state court's determination that Jackson failed to exercise diligence. See Coleman, 501 U.S. at 729. Federal habeas review is barred.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Antiterrorism and Effective Death Penalty Act (AEDPA), 110 Stat. 1214, does not apply to cases pending as of the date the AEDPA was enacted, April 24, 1996. See Lindh v. Murphy, --- U.S. ----, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). In section 2254 proceedings, a case is pending when the application for a writ of habeas corpus is filed. Calderon v. U.S. Dist. Ct. for the Cent. Dist. of Cal., 128 F.3d 1283, 1287 n. 3 (9th Cir.1997), cert. denied, 66 U.S.L.W. 3491 (U.S. No. 97-953, Jan. 27, 1998). Jackson filed his federal habeas corpus petition on February 13, 1996. Because Jackson's petition was filed before April 24, 1996, AEDPA does not apply